**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MICHAEL STEVE COX,<br><br>                                 Plaintiff,<br>      v.<br>TWO ROGUE COPS, *et al.*,<br><br>                               Defendants. | Case No. 3:25-cv-00369-MMD-CLB<br><br>**THREE STRIKES ORDER** |

**I.     DISCUSSION**

Plaintiff is a prisoner proceeding *pro se*. On July 21, 2025, Plaintiff submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1, 1-2, 5.) However, on at least three prior occasions, the Court has dismissed civil actions commenced by Plaintiff while in detention for failure to state a claim upon which any relief may be granted.[1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $402.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his complaint, Plaintiff asserts claims under the "Klu Klux Klan Act". (*See generally* ECF No. 1-1.) His complaint is rambling, nonsensical, and filled with incomplete sentences. (*Id.*) The Court finds that these allegations fail to plausibly allege that Plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d

---

[1] *See* 3:00-cv-0217-ECR-VPC, 3:03-cv-0275-ECR-RAM, and 3:03-cv-0442-ECR-VPC; *see also* 3:04-cv-0619-HDM-RAM (ECF No. 3 (three strikes order noting "Plaintiff is not unknown to this Court. The Court's records indicate that plaintiff filed 11 civil actions in this Court before this one… [i]t appears that none of plaintiff's litigation has been successful.") The Court takes judicial notice of its prior records in the above matters.

1047, 1055-56 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced an ongoing danger of serious physical injury at the time of filing). As such, Plaintiff must pre-pay the $405.00 filing fee in full.

## II.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will recommend dismissal of this action without prejudice unless Plaintiff pays the $405.00 filing fee in full within **30 days** of entry of this order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **SEND** Plaintiff two copies of this order. Plaintiff shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall retain the complaint (ECF No. 1-1) but will not file it at this time.

**IT IS FURTHER ORDERED** that the miscellaneous motions, (ECF Nos. 1-4, 1-5, 1-6, 1-7, 1-9), are **DENIED** with leave to refile, once the filing fee has been paid in full.

**DATED**: July 29, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**