UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL STEVE COX,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TWO ROGUE COPS, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:25-CV-00369-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Plaintiff is a prisoner proceeding pro se. On July 21, 2025, Plaintiff submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1, 1-2, 5.) However, on at least three prior occasions, the Court had dismissed civil actions commenced by Plaintiff while in detention for failure to state a claim upon which any relief may be granted. Thus, the Court found that pursuant to 28 U.S.C. § 1915(g), that Plaintiff may not proceed *in forma pauperis*, and must pay in full the $405 filing fee. (ECF No. 6.) Plaintiff was cautioned by the Court that his failure to timely comply would result in a recommendation of dismissal of this action without prejudice. (*Id.*) Plaintiff was given until August 28, 2025 to comply with the Court's order, and to date, Plaintiff has not paid the filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance

---

[1]　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. In the order directing Plaintiff to pay the full filing fee, the order expressly stated that if Plaintiff failed to timely comply, the case would be subject to dismissal without prejudice. (ECF No. 6.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, it is recommended that this action be dismissed based on Plaintiff's failure to timely pay the full filing fee in compliance with this Court's order.

Finally, in light of this recommendation, it is also recommended that Plaintiff's pending motions, (ECF Nos. 7, 8, 9, 12, 13, 14), be denied as moot.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## I.     RECOMMENDATION

For the reasons stated above, **IT IS RECOMMENDED** that this action be **DISMISSED** without prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's pending motions, (ECF Nos. 7, 8, 9, 12, 13, 14), be **DENIED as moot**.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly.

DATED: August 29, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**